## Commonwealth v. Mleczynski

*Arthur Silverblatt*, Assistant District Attorney, for Commonwealth.

*Ernest K. Herskovitz*, for defendants.

PINOLA, J., March 5, 1957.—Defendants ask that an indictment be quashed which charges that they ". . . did unlawfully wilfully remove, secrete and conceal certain personal property, goods and chattels, to-wit, a television set, electric refrigerator, combination gas and coal stove, of the value of $500, belonging to them, from premises at No. 70 N. Pennsylvania avenue, Wilkes-Barre, Penna., which property had been levied upon for rent due in the sum of $400 owed Catherine Toole, their landlord and creditor, with in-

tent to defraud said Catherine Toole and to prevent said personal property from being made liable and sold for payment of said debt. . . ."

They urge that: (1) The indictment is insufficient in that it fails to charge defendants with any crime; (2) The indictment fails to charge defendants with any removal of any goods subject to levy; and (3) the indictment fails specifically to charge defendants with having removed any of their property out of the county, for the purpose of preventing any of their property from being sold by virtue of any execution after levy has been made thereon.

Section 886 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4886, upon which the indictment is founded, reads, in part, as follows:

"Whoever removes any of his property, . . . out of any county, with intent to prevent the same from being levied upon by virtue of any execution, or to prevent the said property from being sold by virtue of any execution after levy has been made thereon; or secretes, assigns, conveys or otherwise disposes of, any of his property, . . . with intent to defraud any creditor, or to prevent such property from being levied upon by virtue of any execution, or to prevent such property from being sold by virtue of any execution after levy has been made thereon, or to prevent such property from being made liable for the payment of his debts, or the debts of any other person; . . . is guilty of a misdemeanor. . . ."

It is quite clear that the act is divisible as to the offenses created by it.

In Commonwealth v. Blaney, 66 D. & C. 401, a case we deem controlling here, the court declared, page 402:

"Counsel for defendants rely on one case, namely, Commonwealth v. Toomey, 29 York 93, which at first glance would seem to sustain their position that this indictment should be quashed, but that case indicates

to the Court that the indictment in the York case would not have been quashed if it had set forth that the landlord was a creditor or that rent was due him. The indictment in the case at bar alleges that a landlord's distraint was made on behalf of the individual prosecutrix, and certainly identifies the landlord and clearly shows that the landlord was a creditor, and that rent was due the landlord. The indictment shows on its face that Martha Campbell, the prosecutrix, was a creditor, and the Act makes it an offense to remove property with intent to defraud any creditor, so that it is indictable if there is an intention to defraud a single creditor.

"Section 886 of the Act of 1939 is divided into two parts: The first offense provided for is removing property out of any county with intention to prevent the same from being levied upon by virtue of any execution, or to prevent said property from being sold by virtue of any execution after levy has been made thereon. The second offense is *secreting, assigning, conveying or otherwise disposing of any property with intent to defraud any creditor*, or to prevent such property from being levied upon by virtue of any execution or to prevent such property from being sold by virtue of any execution after levy has been made thereon, *or to prevent such property from being made liable for the payment of debts*. It is thus seen that the Act clearly says that it is a violation if a person secretes, assigns or conveys property with intent to defraud any creditor or from being made liable for the payment of his debts. The allegations set forth in the indictment in this case clearly support such a charge."

The position of defendant is, therefore, untenable. Accordingly, we enter the following

*Order*

The motion to quash the indictment is dismissed.